UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAND O' LAKES, INC.,

        Plaintiff,

v.                                                       Case No. 14-C-1388

PACKERLAND WHEY PRODUCTS, INC. et al.,

        Defendants.

## DECISION AND ORDER

Several insurance companies were granted leave to intervene in this action (ECF No. 62), and presently before me are these companies' motions to bifurcate and stay the action pending determinations of coverage. For the reasons given herein, the motions will be denied.

**I. Background**

The complaint alleges that Packerland Whey Products, Inc., its sales agent, Dairy Directions, Inc., and a holding company called Packerland Holding sold adulterated whey protein concentrate ("WPC") to Land O' Lakes for approximately six years, ending in 2012. In addition to the corporate defendants, the complaint names individuals who developed the scheme and allegedly covered it up over those years. In all, the complaint alleges fourteen counts, including fraud, breach of contract, breach of warranty, as well as state and federal racketeering claims. The four insurance company defendants issued a number of policies to the various defendants during the six-year period in question, and they are currently defending their insureds under a reservation of rights.

**II. Analysis**

The insurers have already been granted leave to intervene. The remaining question is whether bifurcation of the coverage issues is appropriate. The motivation behind motions to bifurcate is obvious and need not be set forth at any length. In short, the insurers are worried that, even if they ultimately win on their coverage defenses, they will never be able to recoup all the free legal services they have paid on behalf of their insureds in the interim. This results in a system in which insurers presumably must overcharge all of their insureds to fund the countless defenses they supply that aren't mandated by the coverage actually issued and paid for.

Under Fed. R. Civ. P. 42(b), the Court may bifurcate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Bifurcation is appropriate when it: (1) avoids prejudice to a party or serves the interests of judicial economy; (2) does not unfairly prejudice the non-moving party; and (3) does not violate the Seventh Amendment. *See Houseman v. U.S. Aviation Underwriters,* 171 F.3d 1117, 1121 (7th Cir. 1999). In Wisconsin state courts, bifurcation is common, whereas in federal courts it is less so. For example, Judge Conley in the Western District recently found that "[d]elaying the core issues surrounding liability to do nothing more than resolve a secondary issue in this case is unfair to the plaintiffs and, in any event, counter to this court's general policy to disallow stays." *Luce v. Town of Campbell,* 2014 WL 6632341, *3 (W.D. Wis. 2014). In this district, Judge Stadtmueller has noted "bifurcation remains the exception and not the rule" because "a court is expected to act to secure the just, speedy, and inexpensive determination of every action," under Rule 1. *Estate of Watts v. Heine,* No. 07–CV–644, 2008 WL 4056317,*2 (E.D.Wis. Aug. 25, 2008).

Here, the insurers suggest that coverage can be handled efficiently and that the questions

2

involved, which primarily require reference to the allegations of the complaint, can be resolved without resort to extensive discovery. That means staying the remainder of the action will not unduly delay these proceedings or prejudice the Plaintiff. Of course, that argument cuts the other way as well. If coverage can truly be resolved expeditiously, then the need for a stay is less acute for the insurers. In this court, an expedited summary judgment practice is frequently used to address threshold matters, and the question of coverage could be a good candidate for expedited treatment. Because it is likely that the coverage issues can be brought to a head in early summary judgment proceedings, the insurers need not fear funding a lengthy defense that they haven't bargained for. Accordingly, I conclude that the better approach in these circumstances is to try to resolve coverage issues quickly and without staying the other proceedings in this action. The motions [29, 36, 38] to bifurcate and stay will therefore be **DENIED**.

      **SO ORDERED** this 10th day of March, 2015.

    /s William C. Griesbach
    William C. Griesbach
    United States District Judge